UNITED STATES DISTRICT COURT
Eastern District of Virginia
Alexandria División

| | |
|---|---|
| DUSTIN FUENTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| MARIFEL LOVELL, | ) |
| | ) |
| and | ) |
| | ) |
| NATHAN LOVELL, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**SERVE:** Marifel Lovell
7008 Leebrad Street
Springfield, VA 22151

**SERVE:** Nathan Lovell
7008 Leebrad Street
Springfield, VA 22151

## **COMPLAINT**

COMES NOW Plaintiff, Dustin Fuentes ("Fuentes" or "Plaintiff"), by counsel, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and respectfully submits this Complaint in which he moves this Honorable Court for judgment against Defendant, MARIFEL LOVELL, and NATHAN LOVELL (collectively "Defendants") based upon the failure of the Defendants to pay overtime compensation to Plaintiff in violation of § 7 of the FLSA. In support thereof, Plaintiff states as follows:

1

# I. INTRODUCTION

1. This action is brought by Plaintiff Fuentes, who was a plumber employed by Defendants at the 7008 Leebrad Street, Springfield, VA 22151, on a salary plus commission basis. Plaintiff did not perform any duties that would qualify him for any exemption from coverage under the FLSA. Specifically, Plaintiff did not supervise any employee, never hired, fired, or disciplined any employee, never recommended the hire, termination, or discipline of any employee, and possessed no discretion or independent judgment with respect to any matter of significance.

2. Plaintiffs regularly worked more than 40 hours per week, but Defendants have not paid him at the premium rate of one and one-half times his regular rate of pay for all his overtime hours worked.

# II. PARTIES

*Plaintiff*

3. Plaintiff Fuentes resides in Centreville, Virginia. He worked for Defendant Lovell as a plumber beginning in or around July 20, 2015 until in or around August 26, 2016. and his primary duty was general plumbing and flood restoration.

*Defendant*

4. Defendants are contractors providing routine services to private companies in the form of workers, like Plaintiffs, who perform labor work in repairing and maintaining plumbing and provide flood restoration services. Defendants manage their employees out of their headquarters in Springfield, Virginia.

5. Defendants maintain or, at times material to this action, have maintained an office within the geographical area comprising the Fairfax, Virginia Division of the United States District Court, Eastern District of Virginia, from which Plaintiffs were hired and from which they manage or managed Plaintiff's employment. Upon information and belief, Defendants have, at all times relevant to this action, been an enterprise engaged in interstate commerce within the meaning of the FLSA. Defendants have, at material times, been employers or joint employers of the Plaintiff within the meaning of the FLSA. In particular, Plaintiff has been informed and believes that at various times each of the Defendant possessed the ability to hire and fire him, supervised his schedules, determined his wages, and maintained his employment records, thus exercising control over Plaintiff's working conditions.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction of Plaintiffs' claim pursuant to 29 U.S.C. § 201, *et seq.*; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because Defendants transact business in this district, Plaintiff was hired and is or, at material times, was managed by the Defendants in this district, and all of the actions complained of were conducted within this district.

### IV. STATEMENT OF FACTS

8. Defendants were aware that Plaintiff was working overtime hours.

9. Defendants were aware that Plaintiff was working as a "Plumber".

10. Plumbing duties consisted of repairing and maintaining plumbing equipment and flood restoration, among other duties.

11. At all relevant times, Plaintiffs were working overtime hours in excess of forty (40) hours in a workweek, and Defendants willfully refused to compensate Plaintiff at his overtime rate, in violation of the FLSA.

12. The FLSA requires an employer to pay its employees at a rate of at least one and one-half his regular rate for time worked in excess of forty hours in one work week. This is commonly referred to as time-and-a-half pay for overtime work.

13. Despite working overtime, Plaintiff was not paid time-and-a-half pay from Defendants for overtime worked.

## V. WILLFUL VIOLATION

14. On information and belief, Defendants willfully, deliberately, and intentionally refused to pay Plaintiff for overtime actually worked.

15. Defendants led Plaintiff to believe that their regular pay was paid in conformity with the FLSA.

16. Defendants knew, or should have known, that Plaintiff was entitled to time-and-a-half overtime pay under the FLSA, during all relevant times.

17. Plaintiff was therefore owed compensation for time-and-a-half overtime wages from Defendants, who willingly and knowingly withheld those wages.

## VI. CAUSE OF ACTION (Overtime Claim Under the FLSA)

18. The foregoing paragraphs are included herein as though fully set forth herein.

19. During the period of time when Plaintiff was employed by Defendants, they performed overtime work for which the overtime rate was not paid in violation of FLSA, 29 U.S.C. § 207(a)(1), (2).

20. Defendant's pay system was unilaterally imposed upon Plaintiff.

21. Defendant's failure to properly administer a scheme of compensation, including overtime compensation, violates the overtime provisions of the FLSA and the regulations promulgated thereunder.

22. Defendants regularly involved Plaintiff in interstate commerce.

23. As a result of Defendant's willful and knowing failure to properly compensate Plaintiff, he has suffered substantial delay in receipt of wages owed to him.

24. Pursuant to FLSA, 29 U.S.C. §§ 207, 216 (b), Defendant owes Plaintiff compensation for their overtime work and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## VII. AD DAMNUM CLAUSE

25. The foregoing paragraphs are included herein as though fully set forth herein.

26. Plaintiffs are entitled to overtime and liquidated damages as provided under the law and in FLSA, 29 U.S.C. § 216(b).

27. Plaintiffs are further entitled to an award of reasonable attorneys' fees, costs, and expenses.

WHEREFORE, Plaintiffs seek judgment against Defendant and pray as follows:

28. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

29. That the Court issues a declaratory judgment that Defendant' acts, policies, practices, and procedures complained of herein violated provisions of the FLSA;

30. That the Defendant be enjoined from further violations of the FLSA;

31. That Plaintiff recover unpaid overtime and liquidated damages as provided under the law and in FLSA, 29 U.S.C. § 216(b) and in amounts to be determined at trial;

32. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses; and

33. That the Court awards to Plaintiff such additional relief as the interests of justice may require.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully Submitted,

DUSTIN FUENTES

*By Counsel*

_____/s/_____
Thomas F. Hennessy, Esq.(VSB #32850)
The Hennessy Law Firm, PLLC
4015 Chain Bridge Road, Suite G
Fairfax, VA 22030
(703) 865-8836
(703) 865-7633 FAX
thennessy@virginiawage.net
*Counsel for Plaintiff*